UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CINDIE A. W.,[1] | 2:18-cv-00673-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Cindie A. W. ("Plaintiff") filed a Complaint on January 26, 2018, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on December 21, 2018. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# BACKGROUND

Plaintiff filed an application for DIB on June 18, 2013 and an application for SSI on June 22, 2013, both alleging disability commencing on August 9, 2012. Administrative Record ("AR") 236-43, 244-49. On May 26, 2016, after her applications were denied initially and on reconsideration (AR 111-24, 125-44), Plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ"), as did a vocational expert. AR 57-110.

On June 21, 2016, the ALJ found Plaintiff was not disabled. AR 35-56. The ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date and found she had severe impairments of degenerative disc disease, dysfunctional left shoulder joint, and an affective disorder. AR 42. The ALJ also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and had the residual functional capacity ("RFC") to perform light work. The ALJ stated Plaintiff was:

> [A]ble to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. [Plaintiff] is able to sustain concentration, persistence or pace over the course of a normal workday. [Plaintiff] is able to understand and remember simple routines. [Plaintiff] is able to climb ladders, stoop, or crouch occasionally. [Plaintiff] can perform all other postural activities frequently but not constantly. [Plaintiff] has no limitations with the right upper extremity. [Plaintiff] is limited to occasional reaching overhead with the left upper extremity. Because of the effect of medication, [Plaintiff] must avoid all exposure to hazards.

AR 43.

The ALJ determined Plaintiff could not perform her past relevant work as an apartment manager or caregiver. AR 49. However, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy. AR 49. Considering Plaintiff's age, education, work experience, RFC, and the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of fast food worker, cashier, and grader/sorter. AR 49-50. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, from the alleged onset date through the date of the ALJ's decision. AR 50.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-7. This action followed.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or

reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.
### DISCUSSION

The parties present one disputed issue: Plaintiff contends the ALJ did not properly reject the opinion of treating physician Frances P. Lagattuta, M.D. ("Dr. Lagattuta"). Jt. Stip. at 5.

**A. Applicable Law**

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the

5

effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted). "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. "[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 1164 (citation omitted).

### B. Analysis

On October 1, 2015, Dr. Lagattuta completed a five-page "physical residual functional capacity questionnaire." AR 1459-63. Although Dr. Lagattuta reported seeing Plaintiff monthly since December 30, 2015, the questionnaire is the only item in the 1475-page record from Dr. Lagattuta. He opined that Plaintiff experienced back pain that radiates to her lower extremities, left shoulder pain, and arm pain. AR 1459. When asked to "describe the treatment and response including any side effects of medication that may have implications for working," Dr. Lagattuta answered, "monthly visits medications, injections procedures transforaminal epidural." AR 1459.

Further, Dr. Lagattuta stated Plaintiff could: sit for fifteen minutes at a time, for a total of about four hours in an eight-hour workday; stand/walk for

fifteen minutes at a time, for a total of about four hours in an eight-hour workday; and use her right hand and right arm to grasp, manipulate, and reach for twenty-five percent of an eight-hour workday. AR 1460-62. Dr. Lagattuta opined Plaintiff could: never look down (sustained flexion of neck); rarely turn her head right or left; rarely look up; rarely hold her head in a static position; never twist; never stoop; never crouch; never climb ladders or stairs; not use her left hand or left arm to grasp, manipulate, and reach for zero percent of an eight-hour workday; not be able to work without unscheduled breaks of twenty minutes every hour; and not be able to work without missing more than four days per month. AR 1460-62. Moreover, Dr. Lagattuta found Plaintiff was incapable of "low stress" jobs and Plaintiff's pain was so severe that it would constantly interfere with the attention and concentration needed to perform even simple work tasks. AR 1460.

The ALJ rejected the "extremely restrictive assessment by Dr. Lagattuta" because it was inconsistent with: (1) Plaintiff's activities of daily living; (2) Plaintiff's work history; and (3) the longitudinal record as a whole. AR 46. The ALJ stated that Dr. Lagattuta's opinion was inconsistent with the opinions of treating physician A.R. Berenji, M.D. ("Dr. Berenji"), examining physician Fariba Vesali, M.D. ("Dr. Vesali"), non-examining physician Sadda V. Reddy, M.D. ("Dr. Reddy"), and non-examining physician W. Jackson, M.D. ("Dr. Jackson").

The Court finds the ALJ provided specific and legitimate reasons for discounting Dr. Lagattuta's contradicted opinion.

First, the ALJ properly noted the functional limitations proffered by Dr. Berenji, Dr. Vesali, Dr. Reddy, and Dr. Jackson, were discordant with those proffered by Dr. Lagattuta. AR 46-47. For instance, while Dr. Lagattuta opined Plaintiff could only stand/walk for fifteen minutes at a time, for a total of about four hours in an eight-hour workday and could never lift ten pounds

7

or more, Dr. Vesali concluded Plaintiff could walk/stand without any limitations and could frequently lift twenty-five pounds. AR 46-47, 1337. Dr. Reddy and Dr. Jackson opined Plaintiff stand and/or walk six hours in an eight-hour work day and could lift ten pounds frequently. AR 47, 120, 136. Additionally, Dr. Berenji found that Plaintiff's only lifting work restrictions were from heavy lifting, pulling, and pushing, and he found Plaintiff need only avoid prolonged walking and standing. AR 46, 412-13. As Dr. Vesali and Dr. Berenji based their conclusions on independent examinations of Plaintiff, the ALJ permissibly relied on those findings. See Calhoun v. Berryhill, 734 Fed. App'x 484, 487 (9th Cir. 2018); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding opinion of a consultative examiner that rests on the examiner's own independent examination and clinical findings alone was substantial evidence for rejecting conflicting opinion from a treating source); Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

Second, the ALJ properly found Dr. Lagattuta's opinion was not supported by the objective medical evidence. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is . . . inadequately supported by clinical findings."). The ALJ noted Plaintiff had a normal gait; normal toe and heel walk; normal weight; equal and normal ranges of motion of shoulder joints; and equal and normal motor strength in the extremities, including grip strength. AR 46, 1336-37. The ALJ also observed that activity and stretching appeared to be "beneficial" for relieving Plaintiff's pain. AR 46, 1335. The ALJ's conclusion is supported by substantial evidence. See Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Third, the ALJ appropriately discounted Dr. Lagattuta's stated limitations as they were inconsistent with Plaintiff's self-reported abilities and work history. See Morgan, 169 F.3d at 600-02 (holding an inconsistency between a treating physician's opinion and a claimant's daily activities may be a specific and legitimate reason to discount a treating physician's opinion). The ALJ noted that Dr. Lagattuta's opinion, which limited Plaintiff to: sitting no more than fifteen minutes at a time; standing or walking no more than fifteen minutes at a time; never looking down; rarely turning her head right or left; never stooping; and not working without unscheduled breaks of twenty minutes every hour, was inconsistent with Plaintiff's then-current work at a Carl's Jr. restaurant, recent work at a McDonalds restaurant, her care for and driving of her children, and her preparing family dinner on a daily basis. AR 46-47. The ALJ's findings of inconsistency with Plaintiff's self-reported activities are amply supported by the record.

In sum, the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Lagattuta's contested opinion.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: February 19, 2019

JOHN D. EARLY
United States Magistrate Judge